IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAMON RUFFIN,

          Petitioner,

   v.                                                                          Civil Action No. 20-198-CFC

ROBERT MAY, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

          Respondents.

---

Ramon Ruffin. *Pro se* Petitioner.

Carolyn Shelly Hake, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

April 6, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Ramon Ruffin's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 3) The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 13; D.I. 18) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In February 2014, Petitioner was charged in an eleven-count indictment with the following offenses: one count of attempted first degree robbery, three counts of possession of a firearm during commission of a felony ("PFDCF"), one count of first degree assault, one count of aggravated menacing, two counts of possession of a firearm by a person prohibited ("PFBPP"), one count of receiving a stolen firearm, one count of disregarding a police officer's signal, and one count of resisting arrest. (D.I. 12-6 at 8-12) The PFBPP counts were severed and then subsequently *nolle prossed* by the State. (D.I. 12-2 at Entry Nos. 2, 3, 5) On October 29, 2014, a Delaware Superior Court jury convicted Petitioner of second degree assault (as the lesser-included-offense of first degree assault) and the other non-severed charges. (D.I. 12-6 at 149-159)

On January 15, 2015, the Superior Court sentenced Petitioner as a habitual offender to a minimum of 113 years in prison. (D.I. 12-1 at Entry Nos. 27, 28; D.I. 12-5 at 5-11) The Delaware Supreme Court affirmed Petitioner's conviction and sentence on December 3, 2015. *See Ruffin v. State*, 131 A.3d 295, 308 (Del. 2015).

On July 15, 2016, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 along with a motion to appoint

2

counsel. (D.I. 12-1 at Entry Nos. 43, 45, 46, 47; D.I. 12-12) The Superior Court granted the motion to appoint counsel. (D.I. 12-1 at Entry No. 49) After reviewing Petitioner's pro se Rule 61 motion, postconviction counsel filed a letter with the Superior Court stating that he would not be amending the Rule 61 motion because he was satisfied that the original Rule 61 motion addressed all issues. (D.I. 12-1 at Entry No. 61) On May 9, 2018, a Superior Court Commissioner recommended denying the Rule 61 motion. *See State v. Ruffin*, 2018 WL 2202278 (Del. Super. Ct. May 9, 2018). The Superior Court adopted the Commissioner's Report and Recommendation on June 14, 2018. (D.I. 12-19 at 41-44) The Delaware Supreme Court affirmed the Superior Court's decisions on February 19, 2019. *See Ruffin v. State*, 205 A.3d 822 (Table), 2019 WL 719038 (Del. Feb. 19, 2019).

In February 2020, Petitioner filed the instant Petition asserting the following three grounds for relief: (1) defense counsel provided ineffective assistance by failing to move for a suppression hearing when two of the State's witnesses identified him in court after reviewing two photographs just prior to testifying and/or by failing to request an identification jury instruction about cautioning the two witnesses' identification (D.I. 3 at 5-7; D.I. 5 at 21-27); (2) defense counsel provided ineffective assistance by failing to object to the trial court's erroneous decision to allow in an in-court identification and waiting almost a week to file a motion for a mistrial (D.I. 3 at 7-8; D.I. 5 at 27-29); and (3) defense counsel provided ineffective assistance by requesting that the gun found in the minivan be submitted for DNA testing (D.I. 3 at 8-9; D.I. 5 at 30-32).

## II. ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the one-year period of

4

limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run upon expiration of the 90-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's conviction on December 3, 2015, and he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on March 2, 2016. Applying the one-year limitations period to that date, Petitioner had until March 2, 2017 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner filed the instant Petition on February 10, 2020,[1] almost three full years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a

---

[1] Petitioner electronically filed the Petition. Pursuant to the prisoner mailbox rule, the Court adopts as the filing date the date on which Petitioner provided the petition to prison authorities to be electronically filed: February 10, 2020. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

5

gateway showing of actual innocence. *See Jones,* 195 F.3d at 158; *see Wallace*, 2 F.4th at 151 (explaining that actual innocence is an "exception to the statute of limitations" rather than an "extension to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the 90 days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his Rule 61 motion on July 15, 2016, 134 days of the limitations period had already lapsed. The Rule 61 motion tolled the limitations period from July 15, 2016 through February 19, 2019, the date on which the Delaware

Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. The limitations clock started to run again on February 20, 2019, and ran the remaining 231 days without interruption until the limitations period expired on October 9, 2019. Therefore, statutory tolling does not render the Petition timely filed.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651–52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner contends that equitable tolling is warranted because: (1) he believed the one-year limitations period would start to run from the date on which his post-

conviction appeal was decided (D.I. 18 at 2, 5); (2) the inmate who had been helping him prepare his Petition was moved to a lesser security area (D.I. 18 at 3); (3) the instructions for the form § 2254 petition do not explain how the tolling doctrine affects the one-year limitations period (D.I. 18 at 4, 6); (4) he was quarantined without access to any of his personal belongings between October 6, 2019 and November 13, 2019 and, while not confirmed, he believes the illness was Covid-19 (D.I. 18 at 11); and (5) the limited legal materials in the law library does not mention the limitations period (D.I. 18 at 10). The Court is not persuaded. Petitioner's complaints about the limited legal materials and lack of access to his jailhouse lawyer involve routine aspects of prison life which may create difficulties in filing habeas petitions but do not constitute extraordinary circumstances sufficient to equitably toll the limitation period. *See Dailey v. Phelps*, 2008 WL 2945956, at *4 (D. Del. July 29, 2008). To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). As for Petitioner's contention that his placement in quarantine prevented him from complying with the one-year deadline, the Court notes that Petitioner's quarantine started on October 6, 2019, just three days before the limitations period expired on October 9, 2019. The Petition would still be untimely even if the Court were to equitably toll the limitations period for those three days.

Given these circumstances, the Court concludes that equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. Petitioner, however, does not assert any claim of actual innocence.

For these reasons, the Court concludes that the Petition is time-barred.

### D. Motion to Expand Record

Petitioner filed a Motion to Expand the Record during the pendency of this proceeding. (D.I. 20) Petitioner asks that the Court order the State to submit "Exhibit D (No. 5)" that was part of the evidence for his case, as well as the two photos that were shown to the State's witnesses during the out-of-court identification. (*Id.* at 1) Having decided to dismiss the Petition for being time-barred, the Court will dismiss the Motion as moot.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable

9

jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed above, the Court will dismiss the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability. The Court will enter an order consistent with this Memorandum Opinion.